**Michael SILVERS, Petitioner-Appellant,**

**v.**

**Honorable Clarence DOWLING and Milton Stire, Civil Sheriff, Respondents-Appellees.**

**No. 73–2430.**

United States Court of Appeals,
Fifth Circuit.

June 24, 1974.

Ronald Tanet, New Orleans, La., Robert Eugene Smith, Atlanta, Ga., for petitioner-appellant.

Clarence J. Dowling, State Dist. Judge, State Dist. Court, Sec. "B", William Glenn Burns, New Orleans, La., William J. Guste, Jr., Atty. Gen., L. J. Hymel, Asst. Atty. Gen. of La., Baton Rouge, La., for respondents-appellees.

Gera Brupbacher, pro se and Alma Reboul, pro se, amicus curiae, for Society to Oppose Pornography, Inc.

Before BELL, SIMPSON and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, a Louisiana lawyer, sought federal habeas corpus relief on due process grounds from a one day prison sentence imposed for contempt in a Louisiana trial court.  The district court denied relief on the merits.  Without expressing any view whatever on the merits, we vacate and remand with direction that the complaint be dismissed for failure to exhaust state remedies.  Despite an appeal to the Supreme Court of Louisiana, Silvers v. Dowling, 1972, 262 La. 1077, 266 So.2d 216, cert. den., 411 U.S. 944, 93 S.Ct. 1922, 36 L.Ed.2d 406, the due process grounds urged in the federal habeas court have never been presented to the state courts.  Controversies involving the conduct of lawyers in state courts would seem to be near the heart of the principles of comity on which the exhaustion of state remedies doctrine is based.

Vacated and remanded with direction.